IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 90-8269
_____


PHYLLIS WOODALL, ET AL.,

Plaintiffs-Appellants,

versus

THE CITY OF EL PASO, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Western District of Texas
_____
(April 21, 1992)

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
(Opinion January 9, 1992, 5th Cir. 1992, __ F.2d __ )


Before REAVLEY and JONES, Circuit Judges.[*]

PER CURIAM:

The court withdraws its discussion entitled "Unavailable Land under Renton" contained in Part A of its opinion (950 F.2d 258) because the court regards that discussion unnecessary to decide this case.  The cross-reference from the remainder of the opinion back to Part II.A (id. at 262) should also be considered deleted.

_____

[*]Chief Judge Charles Clark was a member of the original panel but resigned from the Court on January 15, 1992, and therefore, did not participate in this decision.  This matter is being decided by quorum.  28 U.S.C. 46(d).

We reiterate, however, our conclusion that the jury received an inadequate instruction under the facts of this case. The record offers no clue as to how the jury determined what land not foreclosed to adult businesses by El Paso's ordinance was physically or legally impossible for them to locate upon.[1] It appears that many acres offered by the city partook of such disabling physical or legal characteristics, yet the jury's findings bear no resemblance whatever to any conceivable theory of inclusion or exclusion of such parcels.

In so holding, we do not endorse appellants' formulation that land is not available for use by the adult businesses if it would be "unreasonable" to expect adult businesses to relocate there. Rather, the jury should have been instructed, in addition to the substance of the charge given, that land with physical characteristics that render it unavailable for any kind of development, or legal characteristics that exclude adult businesses, may not be considered "available" for constitutional purposes under Renton. Renton held that "the First Amendment requires only that [El Paso] refrain from effectively denying [appellants] a reasonable opportunity to open and operate [adult businesses] within the city. . . ." Renton, 475 U.S. at 54, 106 S.Ct. at 932. When Renton stated that the theater owners "must fend for themselves in the real estate market, on an equal footing with other prospective purchasers and lessees," id., the

_____

[1] The adult businesses made no contention on, and we do not address, the relationship between the economics of site location and the constitutionality of an adult business zoning ordinance.

2

Court obviously contemplated that there was a "market" in which businesses could purchase or lease real property on which business could be conducted.  A real estate market that provides no opportunity to compete cannot provide a reasonable opportunity to do so.  Cities that allocate only land that is completely unsuitable from a legal or physical standpoint for adult business use do exactly what the court proscribed in Renton:  effectively suppress protected speech.

The petition for rehearing is otherwise DENIED.  A member of the court in active service having requested a poll on the reconsideration of this cause en banc, and a majority of the judges in active service not having voted in favor of it, rehearing en banc is DENIED.