IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 93-1434

GRAND BRITTAIN, INC., d/b/a
Brittain Adult Bookstore,
d/b/a Grand Street Adult Theater
and Bookstore,

Plaintiff-Appellant,

versus

THE CITY OF AMARILLO, TEXAS,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

( July 26, 1994 )

Before GOLDBERG, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Grand Brittain, Inc., operator of an adult bookstore and an adult theater in Amarillo, Texas, sued the city alleging that local adult business ordinances violated the First and Fourteenth Amendments.[*] The district court held portions of the ordinances unconstitutional, severed them, and upheld the remainder. Grand Brittain, on appeal, alleges a lack of adequate procedural

---

[*] These Amarillo ordinances are attached as Appendices A, B, and C. See generally Amarillo, Tex., Ordinance 5862 (June 18, 1990) (zoning); Amarillo, Tex., Ordinance 5863 (June 18, 1990) (licensing), as amended by Amarillo, Tex., Ordinance 5942 (Jan. 2, 1992) (procedural safeguards).

safeguards and a failure to permit adult businesses to operate.  We affirm except in one respect.

On June 12, 1990, Amarillo passed Ordinance No. 5862 amending the zoning chapter of the Amarillo Municipal Code by adopting adult business regulations governing viewing booths, requiring spacing from uses determined incompatible by the city commission, regulating zoning district locations, requiring specific use permits, and requiring amortization of nonconforming uses.  On the same day, the city passed Ordinance No. 5863 amending the amusements chapter of the Amarillo Municipal Code by requiring adult businesses to obtain a license from the Chief of Police, requiring compliance with other municipal codes, prohibiting minors from the businesses, and regulating the viewing booths.

In June 1991, the Texas Legislature amended Chapter 243 of the Texas Local Government Code to give district courts jurisdiction to hear appeals from licensing decisions affecting adult businesses. Amarillo passed Ordinance No. 5942 on December 24, 1991, amending the amusement chapter of the Amarillo Municipal Code, as already amended by Ordinance No. 5863, to limit the time in which adult business licenses must be granted and to incorporate the appeal provision of Chapter 243 of the Texas Local Government Code.

I.

Ordinance 5862 requires that structures housing adult businesses be located at least 1,000 feet from residential zoning districts and from residences, churches, public or denominational schools, hospitals, licensed child care facilities, hotels, motels,

2

parks, playgrounds, play fields, public stadiums, other adult businesses, or religious, charitable, or philanthropic institutions. Grand Brittain operates adult businesses within 1000 feet of residential properties and, under Ordinance 5862, must relocate them within three years after the effective date of the ordinance to a light or heavy industrial zone.

Under City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 46-48 (1986), Ordinance 5862 must preserve ample alternative means of communication. Grand Brittain complains that the ordinance will force its establishments into locations that cannot support a commercial enterprise. The district court isolated 63 locations as "legally and physically suitable and feasible" for adult businesses, of which the court noted that 90% are "undeveloped" and without infrastructure and utilities, that no more than five have existing structures, and that only two have available buildings. Grand Brittain accepts these findings but complains that adult businesses cannot relocate to these sites and still have adequate means of communication.

The district court properly found that Ordinance 5862 did not unreasonably harm Grand Brittain's business prospects. In City of Renton, the Court upheld a similar zoning ordinance. The outcome did not rest on the availability of "commercially viable" alternative sites, but on the fact that the city provided a "reasonable opportunity" for the relocation of displaced adult businesses. Id. at 54. Ordinance 5862 may not guarantee Grand

3

Brittain desirable commercial properties, but it affords a reasonable opportunity to bid in the commercial real estate market.

We have recognized the difference between promising a commercially viable alternative site and affording a reasonable opportunity to operate an adult business at a new location. In Woodall v. City of El Paso, 950 F.2d 255, 261 n.5 (5th Cir.), modified, 959 F.2d 1305 (5th Cir. 1992) (per curiam), cert. denied, 113 S.Ct. 304 (1992), as modified, we held that land is not reasonably available if its physical and legal characteristics make it impossible for any adult business to relocate there. We do not suggest that whether a location is economically desirable is not relevant to an alternative means calculus. See also Lakeland Lounge v. City of Jackson, 973 F.2d 1255 (5th Cir. 1992). Indeed, physical and legal characteristics and economic desirability are interrelated. Rather, the question is whether the city offers sites from a commercial real estate market--that is, sites that businesses can locate on. Whether a particular business can succeed on such sites is not the question and it could not be, as a practical matter.

As noted in Topanga Press, Inc., et al. v. City of Los Angeles, 989 F.2d 1524, 1529 (9th Cir. 1993), almost all legal and physical impediments to use may be recast as economic barriers. The Topanga Press court explained that the sites at issue in Renton and Woodall were part of the commercial real estate market. Id. at 1529-30. In short, City of Renton and Woodall ensure that adult businesses have access to a commercial real estate market, but do

4

not guarantee that a specific adult business can obtain existing commercial sites at low cost and with "market" access to assure its prosperity.  City of Renton, 475 U.S. at 54; Woodall, 950 F.2d at 255.

Our question then is whether the 63 sites identified by the district court give Grand Brittain a reasonable chance to compete in the commercial real estate market.  Bill Moore testified that most sites have electricity available and that many of them have gas available, but that some of them would require water and sewer extensions.  He stated that approximately ten of the chosen sites had topographical problems that made them undesirable and that only one lacked street access.  Mr. Moore also testified that no alternative sites were landlocked or under current use by a government entity.  Jimmy Davis questioned the appropriateness of some of the sites as alternative venues under the zoning restrictions, but did not question that a number of these sites could be transformed into productive commercial property.  We agree with the district court that the city furnished adequate alternatives.

II.

In FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 227-30 (1990) (plurality opinion), Justice O'Connor, writing for Justices Stevens and Kennedy, and joined in the judgment by Justices Brennan, Marshall, and Blackmun, stated that content-neutral regulations contain adequate procedural safeguards when (1) any prior restraint before judicial review of the licensing process is for a specified

5

brief period during which the status quo is maintained; and (2) there is prompt judicial review after denial of a license. The Amarillo ordinances are content-neutral, and FW/PBS measures adequacy of its procedural safeguards.

Ordinance 5942 provides that an applicant denied a license may appeal to the district court and that a licensee may abate a revocation by similarly appealing and obtaining a temporary restraining order. Grand Brittain argues that the regulation guarantees neither a brief interim restraint on protected speech pending judicial resolution nor a swift final judicial decision. Grand Brittain also argues that Ordinance 5942 should provide for a mandatory stay in the absence of immediate judicial review. We agree with the district court that the regulation contains adequate procedural safeguards, except in one respect.

In Freedman v. Maryland, 380 U.S. 51, 59 (1965), Justice Brennan stated that a challenged ordinance must guarantee a specified brief period "in advance of a final judicial determination on the merits." Justice O'Connor in FW/PBS variously recast this standard as a specified brief period "prior to judicial review" and as a specified brief period "prior to issuance of a license." We have interpreted this language to require only access to the courts within a specified brief period. See TK's Video, Inc. v. Denton County, Nos. 93-4631 & 93-5234, slip op. at 6 (5th Cir. June 14, 1994).

A denied applicant can immediately challenge the regulatory decision in court and request a temporary restraining order to

prevent closing a business. The ordinance also requires a licensing decision within eleven days, reinspection within three working days, and issuance of a license within a day after the correction of any deficiencies in an application. These restraints meet the specified brief period requirement.

Grand Brittain acknowledges availability of a temporary restraining order, but challenges the absence of a mandatory stay. The availability of expeditious judicial review and the possibility of a temporary restraining order obviate the need for an automatic stay. National Socialist Party v. Village of Skokie, 432 U.S. 43, 44 (1977). We agree with the district court in every respect, except one. The status quo required by FW/PBS mandates that the city cannot regulate under the adult business regulation an operating adult business during a revocation proceedings until the Chief of Police's licensing decision is final. The ordinance does maintain the status quo during a revocation proceeding by providing that "a licensee may abate the revocation by filing an appeal with the district court and obtaining a temporary restraining order." The ordinance does not address a business operating when the ordinance became effective. The status quo must be similarly maintained for those businesses, such as Great Brittain. TK's Video, Nos. 93-4631 & 93-5234, slip op. at 4-6.

### III.

The district court is affirmed except in one respect. The case is remanded to the district court with the instruction to enter judgment declaring that until the Chief of Police's licensing

7

decision becomes final, the city cannot regulate under the adult business regulation a business operating on the effective date of the ordinance and seeking a license.

AFFIRMED IN PART and REMANDED WITH INSTRUCTION.