**1995 VENTURE I, INC., d/b/a Frenchies, Plaintiff,**

v.

**ORANGE COUNTY, TEXAS, Defendant.**

**No. 1:96–CV–375.**

United States District Court, E.D. Texas, Beaumont Division.

Nov. 14, 1996.

Louis Dugas, Jr, Orange, TX, for Plaintiff.

John Kimbrough, Connie Wilhite and John McElroy, Orange, TX, Paul W. Gertz, Larry Germer, Tonya Connell Adams of Germer & Gertz, Beaumont, TX, for Defendant.

*MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

SCHELL, Chief Judge.

This matter is before the court on Defendant's Rule 12(b)(1) Motion to Dismiss and, in the alternative, Motion for Summary Judgment, filed on September 27, 1996. Plaintiff filed a response on October 11, 1996. Upon consideration of the motion, response, and applicable law, the court is of the opinion that Defendant's Motion to Dismiss should be DENIED and Defendant's Motion for Summary Judgment should be GRANTED.

## INTRODUCTION

1995 Venture I, Inc., d/b/a Frenchies ("Plaintiff"), filed suit on June 17, 1996, under 28 U.S.C. §§ 1331, 1343(a)(3), and 1367, and 42 U.S.C. §§ 1983 and 1988, seeking declaratory relief, preliminary and permanent injunctive relief, and attorney's fees.

Plaintiff claims that the adoption and application of Orange County's ("Defendant") regulations governing sexually oriented businesses violates (1) Plaintiff's right to freedom of expression under the First Amendment to the United States Constitution and Article 1, § 8 of the Texas Constitution and (2) its rights to substantive and procedural due process under the Fourteenth Amendment to the United States Constitution and Article 1, § 19 of the Texas Constitution. Plaintiff also claims that Defendant's regulations were not adopted in accordance with the Texas Open Meetings Act [1] or the enabling statute, Chapter 243 of the Texas Local Government Code. Furthermore, Plaintiff seeks declaratory relief that the enabling statute is invalid as an attempt to confer sovereignty upon counties insofar as it grants to counties the power to treat a violation of county regulations as a Class A misdemeanor.[2]

Attached to its complaint, Plaintiff filed a motion for preliminary injunction. Pursuant to the court's order dated June 18, 1996, Plaintiff filed a brief in support of its motion for preliminary injunction on June 28, 1996. Defendant filed its response in opposition to Plaintiff's motion for preliminary injunction on July 5, 1996. In the court's order dated September 10, 1996, the court consolidated the hearing on Plaintiff's motion for preliminary injunction with the trial on the merits. In a September 17, 1996 pretrial hearing, the court set this cause for trial on October 23, 1996, and set the filing deadlines for any and all dispositive motions. Since the timely receipt of Defendant's motion and Plaintiff's response, the court has found it necessary to postpone the trial from its original setting.[3] Because the court now GRANTS Defendant's

Motion for Summary Judgment, the resetting of this case for trial is unnecessary.

## FACTS

Plaintiff contends that it contacted Defendant on January 23, 1996 to inquire as to whether a permit was required to operate a sexually oriented business in the county. Defendant admits that it did not have regulations governing sexually oriented businesses or permit requirements for such businesses on that date, but Defendant neither admits nor denies conveying that information to the Plaintiff. Subsequently, Plaintiff contends it purchased a building for $100,000 and spent in excess of $104,300 in remodeling the building for use as a sexually oriented business.[4] Further, Plaintiff contends that these steps were taken with the understanding that no permit was needed to operate such a business.

According to Defendant, it posted public notice on March 22, 1996, indicating that the County Commissioners Court would discuss and take possible action regarding regulation of sexually oriented businesses in Orange County at the March 25, 1996 meeting. Defendant then enacted an ordinance regulating sexually oriented businesses at the March 25th meeting. According to Plaintiff, Defendant then adopted an application form for a permit to operate a sexually oriented business on March 29, 1996. Defendant contends that notice of possible action concerning the adoption of the application form was posted on March 29th, but formal adoption did not occur until April 1, 1996, at a special court session allegedly attended by Plaintiff's counsel. Defendant further contends that since the enactment of the regulations, Plaintiff has neither attempted to open nor applied for the required permit.[5] Plaintiff contends that

---

1. TEX.GOV'T CODE § 551.001 *et seq.*

2. In its brief in support of its motion for preliminary injunction, though not in its pleadings, Plaintiff also claims that Defendant's regulations violate Article 1, §§ 9 and 10 of the United States Constitution as constituting an ex post facto law.

3. *See* Order Resetting Trial (October 17, 1996).

4. Pl.'s Original Compl. at 3. Plaintiff's President contends that Plaintiff now has expended between $125,000–$140,000 in improvements.

Pl.'s Resp. to Def.'s Mot. to Dismiss Ex. A at 4, ¶ 32 (Aff. of Russell Keeton).

5. Plaintiff contends that "[o]n March 5, 1996, Plaintiff had a sign company, 'The Sign Doctor', erect an 'Open' sign above the front door of the building for a period of 11 days, strictly for public questioning to answer any uncertainties about the nature of the business." Pl.'s Original Compl. at 3. In its response to Defendant's Motion to Dismiss, and in the Alternative, Motion for Summary Judgment, Plaintiff contends it was open to the public for approximately two weeks in March of 1996. Pl.'s Resp. to Def.'s Mot.Ex. A

applying for a permit would be an exercise in futility.

## DISCUSSION

### I. RULE 12(B)(1) MOTION TO DISMISS

■ Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a claim for lack of subject matter jurisdiction. "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980) (citation omitted). In this case, Plaintiff's claims under the First and Fourteenth Amendments to the United States Constitution are sufficient to establish federal question jurisdiction [6] and withstand a "facial attack" on the complaint.[7] *See id.* Defendant, however, has launched a "factual attack" on the existence of subject matter jurisdiction, which "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citation omitted). "[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Id.* (citations omitted).

### A. Plaintiff's Standing

■ Defendant contends that Plaintiff has no standing to challenge Defendant's regulations governing the operation of sexually oriented businesses because Plaintiff has suffered no injury, i.e., denial of a requested permit or a criminal conviction resulting from a violation of the regulations. According to Defendant, "[b]ecause Plaintiff has never made an application, it has never been denied such a permit, and because Plaintiff has never attempted to open, Defendant has never taken any action against [Plaintiff] under the regulations." Def.'s Mot. to Dismiss, and in the Alternative, Mot. for Summ.J. at

7. Assuming Plaintiff is a proper party as owner of the "Frenchies" property, Defendant's standing argument amounts to a contention that this dispute is not ripe for adjudication. In other words, is the court faced with a live "case or controversy"?

"The ripeness doctrine deals with the time, if any, at which a party may seek pre-enforcement review of a statute or regulation." *Triple G Landfills v. Board of Commissioners*, 977 F.2d 287, 288 (7th Cir.1992) (citing *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140, 95 S.Ct. 335, 356–57, 42 L.Ed.2d 320 (1974)). "It seeks to avoid the premature adjudication of cases when the issues posed are not fully formed or when the nature and extent of the statute's application are not certain." *Triple G*, 977 F.2d at 288–89 (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967); *American Booksellers Association, Inc. v. Hudnut*, 771 F.2d 323, 327 (7th Cir.1985), *aff'd without opinion*, 475 U.S. 1001, 106 S.Ct. 1172, 89 L.Ed.2d 291 (1986)). "Inquiries into ripeness generally address two factors: first, whether the relevant issues are sufficiently focused so as to permit judicial resolution without further factual development; and, second, whether the parties would suffer any hardship by the postponement of judicial action." *Triple G*, 977 F.2d at 289 (citing *Abbott Laboratories*, 387 U.S. at 149, 87 S.Ct. at 1515–16; *General Finance Corp. v. FTC*, 700 F.2d 366, 371 (7th Cir.1983)).

The first ripeness factor weighs heavily in favor of finding this case ripe for adjudication. Admittedly, Plaintiff has not submitted a permit application to the county. However, the court finds that forcing Plaintiff to go through the application process would be an exercise in futility undoubtedly resulting in the denial of its application. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss Ex. A at 5–6 (Aff. of Russell Keeton) (restating County Judge Thibodeaux's comments that indicate that

---

at 4, ¶ 34 (Aff. of Russell Keeton). For purposes of this motion, the court finds it unnecessary to resolve this potential inconsistency.

**6.** *See* 28 U.S.C. § 1331.

**7.** "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca*, 613 F.2d at 511 (citation omitted).

Plaintiff's permit application would be denied); Def.'s Mot. to Dismiss Exs. L–P (Affs. of County Judge and County Commissioners) (emphasizing the close proximity of Plaintiff's sexually oriented business to a public park and the negative effect such business would have on the park and its visitors). Since the only questions remaining for the court are purely legal, i.e., the validity of Defendant's regulations and not their applicability to Plaintiff, this case is fit for judicial decision. *See Triple G,* 977 F.2d at 289 (determining that the case was fit for judicial decision because the issues posed were purely legal and would not be clarified by administrative proceedings or any other type of factual development).

The second ripeness factor, hardship to the parties in delaying review, also favors a finding of ripeness. Plaintiff has allegedly expended over $200,000 on a business it cannot open without fear of a criminal conviction for violating the county's regulations. This investment demonstrates that Plaintiff has a direct, tangible, and not merely a hypothetical interest in the subject matter of this litigation because the regulations will effectively and definitely prohibit Plaintiff from following through with its plans to open a sexually oriented business at its current location. *Cf. Oriental Health Spa v. City of Fort Wayne,* 864 F.2d 486, 488–89 (7th Cir.1988) (challenge to massage parlor licensing ordinance not ripe where no real threat that city would use it to revoke or suspend plaintiff's license). Accordingly, decisions Plaintiff must make " 'now or in the short future may be affected' by whether [the court] act[s]." *Triple G,* 977 F.2d at 290 (quoting *Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission,* 461 U.S. 190, 201, 103 S.Ct. 1713, 1720–21, 75 L.Ed.2d 752 (1983)) (original quotations omitted). Reviewing Defendant's regulations at this time would permit Plaintiff to make an informed decision regarding the future of the "Frenchies" lot.[8] Postponing judicial action, in contrast, would force an unwarranted dilemma upon Plaintiff: either scuttle its plans to open a sexually oriented business in deference to a potentially invalid county regulation, or submit a permit application that Orange County is certain to reject,[9] and then bring a facial challenge to the regulations. The court deems this "dilemma unwarranted because there is no countervailing benefit—either to the judicial process or the public interest—that would attend such a postponement. These considerations suggest that this dispute is ripe for judicial action." *Triple G,* 977 F.2d at 290.

### B. *Preclusion of Plaintiff's Texas Constitutional Claims*

[redacted] Plaintiff contends that Defendant's regulations violate the Texas constitutional equivalent to the First and Fourteenth Amendments of the United States Constitution. *See* Tex. Const. art. 1, §§ 8 and 19. Although Defendant argues that such state constitutional claims are not properly before the court, the court finds it unnecessary to address this issue. Even assuming that Plaintiff's claims are properly before the court, there is no higher standard to be satisfied under Article 1, § 8 of the Texas Constitution than under the First Amendment. *Woodall v. City of El Paso,* 49 F.3d 1120, 1128 (5th Cir.1995). Furthermore, in *University of Texas Medical School v. Than,* the Texas Supreme Court held that textual differences between the Texas due course of law provision, Article 1, § 19 of the Texas Constitution, and the Fourteenth Amendment due process clause are without meaningful distinction, so that the court considers federal interpretations of procedural due process to be persuasive authority in applying Texas' due course of law guarantee. 901 S.W.2d 926, 929 (Tex.1995); *see also Price v. City of Junction, Texas,* 711 F.2d 582, 590 (5th Cir.1983). In other words, if the court grants Defendant's motion for summary

8. Since the court is upholding Defendant's regulations, Plaintiff can now make alternative plans for the "Frenchies" site—whether that means selling the lot or opening another type of business.

9. Applicants seeking a permit to operate a sexually oriented business are required to pay a $100 application fee and can be forced to wait up to 45 days for a decision on their application. *See* Def.'s Mot. to Dismiss Ex. E (Orange County Regulations §§ 6.01 & 6.02).

judgment on Plaintiff's First and Fourteenth Amendment claims, then summary judgment is appropriate with regard to Plaintiff's equivalent state constitutional claims.

## II. MOTION FOR SUMMARY JUDGMENT

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247, 106 S.Ct. at 2509–10. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986) (emphasis in original). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553–54. In this instance, the movant is not required to offer evidence to negate the nonmovant's claims. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885, 110 S.Ct. 3177, 3187, 111 L.Ed.2d 695 (1990). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R.CIV.P. 56(e). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514–15.

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 175–76 (5th Cir.1990), *cert. denied*, 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14. The evidence of the nonmovant, however, is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.*

### A. First Amendment Violation

■ Plaintiff contends that Defendant's regulations violate its First Amendment right to freedom of expression. "Erotic non-obscene printed matter, films, and live entertainment are sheltered by the First Amendment, but enjoy less protection than some other forms of speech, such as political speech." *Woodall*, 49 F.3d 1120, 1122 (5th Cir.1995) (citing *TK's Video, Inc. v. Denton County, Texas*, 24 F.3d 705, 707 (5th Cir. 1994)). As a result of this lesser degree of protection, such speech can be restricted through acceptable "content-neutral" time, place, and manner regulations. *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 47, 106 S.Ct. 925, 928–29, 89 L.Ed.2d 29 (1986). "A content-neutral time, place, or manner restriction must (1) be justified without reference to the content of the regulated speech; (2) be narrowly tailored to serve a significant or substantial governmental interest; and (3) preserve ample alternative means of communication." *Woodall*, 49 F.3d at 1122 (citing *Renton*, 475 U.S. at 46–48, 106 S.Ct. at 928–29). Defendant has the burden to prove that its ordinance is a valid time, place, and manner regulation. *SDJ, Inc. v. City of Houston*, 837 F.2d 1268, 1273 (5th Cir.1988) (citing *Renton*, 475 U.S. at 50, 106 S.Ct. at 930), *cert. denied*, *M.E.F. Enterprises, Inc. v. City of Houston*, 489 U.S. 1052, 109 S.Ct. 1310, 103 L.Ed.2d 579 (1989).

### 1. Content–Neutrality

■ A "content-neutral speech" regulation is one that is "justified without reference

to the content of the regulated speech." *Renton*, 475 U.S. at 48, 106 S.Ct. at 929 (citations omitted). A regulation is content-neutral if the predominant concerns of the legislative body are with the secondary effects of activities and not the content of the activities. *Id.* at 47–49, 106 S.Ct. at 928–30. "Insisting upon findings [that sexually oriented businesses will have a detrimental effect on the public health, safety, and welfare] reduces the risk that a purported effort to regulate effect is a mask for regulation of content." *SDJ*, 837 F.2d at 1274. The law requires proof by the local government that: (1) secondary effects actually exist and (2) the effects are the result of the business subject to the regulation. *Id.* Proof of legitimate purpose may be shown by reasonable inferences from specific testimony of citizens or experts, local studies, or the experiences of other cities.[10] *Id.* The record must reflect that the local government considered, before enacting the regulations, evidence "reasonably believed to be relevant to the problem...." *Id.* (citation omitted). The court will not inquire into the subjective motivations of the legislative body but rather will inquire as to "whether an objective lawmaker could have so concluded" from the evidence presented that sexually oriented businesses have an adverse effect on the neighborhood or other land uses. *Id.*

In support of its motion for summary judgment, Defendant provided affidavit evidence that prior to the passage of the disputed regulations, the Orange County Commissioner's Court considered among other things the testimony and letters of concerned citizens and the experiences of the City of Beaumont in determining that a sexually oriented business would have a negative effect on a public park and its numerous visitors. *See* Def.'s Mot. for Summ.J. Exs. J–P (Affs. of County Judge and County Commissioners). In response, Plaintiff presented no evidence to controvert Defendant's affidavits reflecting the content-neutrality of the regulations.[11] Since Defendant has presented sufficient summary judgment evidence and Plaintiff has failed to controvert it, the court finds that summary judgment for Defendant is appropriate with regard to the issue of content-neutrality.

## 2. Narrowly Tailored to Serve a Substantial Governmental Interest

■■■■■■ "An ordinance is sufficiently well tailored if it effectively promotes the government's stated interest." *SDJ*, 837 F.2d at 1276. The local government need not pick what the judge may think to be the "most appropriate method for promoting significant government interests." *Id.* (quoting *United States v. Albertini*, 472 U.S. 675, 689–91, 105 S.Ct. 2897, 2907, 86 L.Ed.2d 536 (1985)). "Nor are [content-neutral] regulations invalid simply because there is some imaginable alternative that might be less burdensome on speech." *SDJ*, 837 F.2d at 1276 (quoting *Albertini*, 472 U.S. at 689–91, 105 S.Ct. at 2907) (citations omitted). "[S]o long as the neutral regulation promotes a substantial government interest that would be achieved less effectively absent the regulation[,]" *SDJ*, 837 F.2d at 1276 (quoting *Albertini*, 472 U.S. at 689–91, 105 S.Ct. at 2907), the narrow tailoring requirement is satisfied.[12] The protection of the public health, safety, and welfare is acknowledged as a substantial governmental interest justifying the regulation of sexually oriented businesses. *See Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 71, 96 S.Ct. 2440, 2452–53, 49 L.Ed.2d 310 (1976) (recognizing that a local government's interest in attempting to preserve the quality

---

10. There is no requirement that the county conduct surveys or formal studies in order to ascertain the secondary effects of the operation of a sexually oriented business in Orange County. *See SDJ*, 837 F.2d at 1274.

11. Federal Rule of Civil Procedure 56(e) provides in part:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but *the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.*
FED.R.CIV.P. 56(e) (emphasis added).

12. Narrow tailoring is less important for sexually-oriented expression because this category of speech is subject to less than full First Amendment protection. *SDJ*, 837 F.2d at 1276.

of urban life is one that must be accorded the highest respect).

In its motion, Defendant presented summary judgment evidence in the form of sworn affidavits indicating that the County Commissioner's Court felt that the distance requirement of a 1000 feet was a reasonable requirement in light of the approval by other cities and counties of similar ordinances regulating sexually oriented businesses. Additionally, Defendant's evidence indicates a real concern for the protection of the health, safety, and welfare of the park visitors justifying the regulation of sexually oriented businesses. *See* Def.'s Mot. for Summ.J. Exs. J–P (Affs. of County Judge and County Commissioners). In its response, Plaintiff contends that "Defendant has made no showing that limiting Plaintiff's business to a distance of 1000 feet from a public park serves to protect the public health." Pl.'s Resp. at 5. Given Defendant's reliance on similar distance requirements by other local governments and Defendant's goal of protecting the health, safety, and welfare of park visitors, the court finds that such a goal would be achieved less effectively absent the regulations. Therefore, summary judgment for Defendant is appropriate with regard to the issue of narrow-tailoring.

### 3. Alternative Avenues of Communication

According to the Supreme Court, this prong involves determining whether the ordinance " 'refrain[s] from effectively denying [Plaintiff] a reasonable opportunity to open and operate [a sexually oriented business] within the [county].' " *SDJ, Inc. v. City of Houston,* 837 F.2d 1268, 1276 (5th Cir.1988) (quoting *City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 53–54, 106 S.Ct. 925, 932, 89 L.Ed.2d 29 (1986)), *cert. denied, M.E.F. Enterprises, Inc. v. City of Houston,* 489 U.S. 1052, 109 S.Ct. 1310, 103 L.Ed.2d 579 (1989). According to the Fifth Circuit, " 'land with physical characteristics that render it unavailable for any kind of development, or legal characteristics that exclude adult businesses, may not be considered 'available' for constitutional purposes under *Renton.*' " *Woodall v. City of El Paso,* 49 F.3d 1120, 1124 (5th Cir.1995) (quoting

*Woodall v. City of El Paso,* 959 F.2d 1305, 1306 (5th Cir.1992) (*Woodall II* )). "Commercial viability [of a potential site] is not a relevant consideration." *Woodall,* 49 F.3d at 1124. Instead, the Fifth Circuit has held that:

> The relevant consideration is whether the physical characteristics of the site present an unreasonable obstacle to opening a business; an obstacle that can be overcome without incurring unreasonable expense does not make a site unavailable, but an obstacle that cannot reasonably be overcome renders the site unavailable. Thus, in determining whether there are sufficient sites available, the finder of fact may exclude land under the ocean, airstrips of international airports, sports stadiums, areas not readily accessible to the public, areas developed in a manner unsuitable for any generic commercial business, areas lacking in proper infrastructure, and so on. *However, the fact that a site may not be commercially desirable does not render it unavailable.* It is not relevant that a relocation site will result in lost profits, higher overhead costs, or even prove commercially unfeasible for an adult business. There is no requirement that an adult business be able to obtain existing commercial sites at low cost and with market access to ensure its prosperity.

*Id.* (citations omitted) (emphasis added).

In support of its motion for summary judgment, Defendant presented evidence in the form of an affidavit of the county engineer which indicated the existence of at least five alternative sites for a sexually oriented business in Orange County. *See* Def.'s Mot. for Summ.J.Eq. Q (Affidavit of Pete McKinney). In its response, Plaintiff presented no evidence controverting the physical or legal availability of the sites identified in Defendant's motion. Since Defendant has provided sufficient summary judgment evidence and Plaintiff has failed to controvert it, the court finds summary judgment for Defendant is appropriate with regard to the issue of alternative avenues of communication.

### B. Fourteenth Amendment and Texas Open Meetings Act [13]

Plaintiff claims that the enactment of the regulations at issue was arbitrary, capricious, and unreasonable, and thus violated Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment. Pl.'s Original Compl. at 4 & 5. In the summary judgment context, Plaintiff, as the party with the burden of proof at trial on this issue, cannot rest upon its pleadings, but must produce evidence suggesting that a genuine issue of fact exists in order to avoid summary judgment. *James v. Nico Energy Corp.,* 838 F.2d 1365, 1372 (5th Cir.1988) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). In its motion, Defendant argues that its regulations are not arbitrary and unreasonable because they have a substantial relation to the public health, safety, and welfare. In its response, Plaintiff presents no summary judgment evidence indicating Defendant's regulations were adopted in an arbitrary and capricious manner.[14] Additionally, Plaintiff has presented no evidence that it has been denied procedural due process either under the Fourteenth Amendment or under the Texas Open Meetings Act.[15] Therefore, summary judgment is appropriate for Defendant with regard to Plaintiff's Fourteenth Amendment and Texas Open Meetings Act claims.

### C. Validity of Regulations Under the Enabling Statute

Plaintiff contends that Defendant's regulations are invalid under the enabling statute, Chapter 243 of the Texas Local Government Code, because "Defendant adopted regulations governing the operation of Plaintiff's business in derogation of Plaintiff's First Amendment expression rights."[16] Pl.'s Resp. to Def.'s Mot. for Summ.J. at 14. Since the court has already granted Defendant summary judgment on Plaintiff's First Amendment claim, the court finds summary judgment appropriate for Defendant with regard to Plaintiff's enabling act claim.

### D. Ex Post Facto Claim

Plaintiff claims, but did not formally plead, that because Plaintiff expended sums of money to establish a sexually oriented business prior to the enactment of the county regulations, such regulations constitute an ex post facto law, prohibited by Article 1, §§ 9 and 10 of the United States Constitution. Pl.'s Mem. of Law in Supp. of Mot. for Prelim.Inj. at 3. An ex post facto law is one " 'which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with a crime of any defense available according to law at the time when the act was committed.' " *Dobbert v. Florida,* 432 U.S. 282, 292, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977) (quoting *Beazell v. Ohio,* 269 U.S. 167, 169–70, 46 S.Ct. 68, 68–69, 70 L.Ed. 216 (1925)). Thus, whether Plaintiff was open or prepar-

---

**13.** Plaintiff does not address its previous Texas Open Meetings Act claim in its response to Defendant's Motion for Summary Judgment.

**14.** Plaintiff did not allege that Defendant's regulations resulted in a "taking" of his property, but the court will address that issue here. Because Defendant's regulations do not prevent all reasonable uses of Plaintiff's property, the regulation is not a taking. *SDJ, Inc. v. City of Houston,* 837 F.2d 1268, 1278 (5th Cir.1988), *cert. denied, M.E.F. Enterprises, Inc. v. City of Houston,* 489 U.S. 1052, 109 S.Ct. 1310, 103 L.Ed.2d 579 (1989).

**15.** Plaintiff's President complains that "[p]rior to learning of the adoption of these regulations, [h]e received no notice, verbal or written, of the county's intent to consider and/or adopt the regulations...." Pl.'s Resp. to Def.'s Mot. for Summ.J.Ex. A at 5, ¶ 37 (Aff. of Russell Keeton). The Texas Open Meetings Act, however, does not require personal notice. Sections 551.043 and 551.049 of the Open Meetings Act require only public posting at least 72 hours before the scheduled time of the meeting. Tex.Gov't Code §§ 551.043 & .049. Defendant's uncontroverted affidavit evidence indicates full compliance with the Texas Open Meetings Act. *See* Def.'s Resp. in Opp'n to Pl.'s Mot. for Prelim.Inj. Ex. G (Aff. of Sandra Amy).

**16.** In its original complaint, Plaintiff also argued that the enabling statute was invalid as an attempt to confer sovereignty upon counties insofar as it grants to counties the power to treat a violation of county regulations as a Class A misdemeanor. Given the dearth of support for such an argument, the court finds this claim to be without merit.

ing to open a business prior to the enactment of Defendant's regulations does not prohibit Defendant from enacting such regulations. Furthermore, Defendant is not prohibited from enforcing a criminal penalty against Plaintiff for unlawfully operating a sexually oriented business after the enactment. Regardless of Plaintiff's failure to plead its ex post facto claim, Plaintiff is not being criminally punished for any conduct engaged in by Plaintiff prior to the enactment of the regulations, and therefore, the court finds summary judgment appropriate for Defendant. *See Dobbert,* 432 U.S. at 292, 97 S.Ct. at 2297–98.

## CONCLUSION

Therefore, Defendant's Rule 12(b)(1) Motion to Dismiss is hereby DENIED, and Defendant's Motion for Summary Judgment is hereby GRANTED.