**William BRANDOFINO, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. CIV. 97–1552–PHX–ROS.**

United States District Court, D. Arizona.

July 17, 1998.

William John Brandofino, Mesa, AZ, Pro se.

James C. Hair, Jr., U.S. Attorney's Office, Phoenix, AZ, for United States Postal Service.

## ORDER

SILVER, District Judge.

### BACKGROUND

Plaintiff William Brandofino [1] is an unhappy customer of the United States Postal Service ("USPS"). On February 22, 1996, Plaintiff mailed a set of printed materials on behalf of his business, Mesa Art & Printing, to Country Gathering in Nashville, Tennessee. Plaintiff sent the package C.O.D., for which he paid postage of $22.85 and a C.O.D. fee of $3.50, for a total of $26.05. According to Plaintiff, he requested that the recipient of his package pay $475.00. He alleges, however, that the clerk at the local post office incorrectly filled out Form 3816, which identifies the amount to be collected on a C.O.D. package, by requesting $26.05 instead of $475.00. On March 6, 1996, the USPS delivered the package to Country Gathering and collected $26.90. After deducting a money order fee of $0.85, the USPS issued and mailed a money order to Plaintiff in the amount of $26.05.

After receiving this amount, Plaintiff contacted the Mesa Post Office and claimed that $475.00 should have been collected, not $26.05. On March 20, 1996, Monty Wheeler, a Claims & Inquiry Clerk for the USPS, sent a letter to Country Gathering in which he requested that Country Gathering remit $448.95 (the difference between $475.00 and $26.05) directly to Mesa Art & Printing. In

---

1. Plaintiff also uses the name William Brando.

that letter, Mr. Wheeler stated that the incorrect amount was "due to an error on the part of the U.S. Postal Service." Country Gathering ignored this letter.

On December 11, 1996, Plaintiff completed Form 1000, titled "Domestic Claim or Registered Mail Inquiry," in which he filed a claim for $448.95. On March 4, 1997, Willie Mixon, a supervisor in the Claims and Inquiry Section of the USPS, sent a letter to Mesa Art & Printing informing Plaintiff that the USPS had completed its review of the claim and had determined that no payment was due. Plaintiff appealed this determination, and in a letter dated March 11, 1997, Milton Webster, a supervisor in the Claims Appeals department, denied Plaintiff's appeal. Mr. Webster notified Plaintiff that "the amount collected by the carrier (as stated on the COD tag) was correct," and pointed out that postal regulations stated that "the Postal Service is not responsible for errors made by senders in stating charges to be collected."

Next, Plaintiff filed an appeal with the Consumer Advocate for the USPS. On April 21, 1997, the Consumer Affairs department of the USPS sent a letter to Country Gathering, informing them that Plaintiff's claim had been denied and asking them whether they had sent additional funds to Plaintiff. In a letter dated June 16, 1997, however, the Consumer Affairs department informed Plaintiff that it was unsuccessful in obtaining Country Gathering's cooperation. The letter stated that "the Postal Service is not responsible for errors that a mailer makes in stating charges to be collected," and noted that "our accepting clerk was not alert in questioning your submission and you did not recheck it for accuracy."

On June 24, 1997, Plaintiff filed a small claims complaint in West Mesa Justice Court. In that complaint, Plaintiff alleged the following:

> Due to error of postal clerk to list correct amount of C.O.D. package, the C.O.D. of $475.00 was not collected. Thus Plaintiff ended up losing both the money and the client.

On July 25, 1997, the USPS removed the action to this Court. On September 8, 1997, Plaintiff filed a pleading styled Demand for a C.O.D. Payment Plaintiff Lost Due to the Error of the Defendant, and on March 2, 1998, Plaintiff filed a Motion for C.O.D. Payment Lost, Due to the Error of the Defendant. On May 4, 1998, Defendant filed a Motion for Summary Judgment. Plaintiff filed a Response on May 15, 1998, and Defendant filed a Reply on May 29, 1998.

## LEGAL STANDARD

A motion for summary judgment may be granted if the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To defeat the motion, the non-moving party must show that there are genuine factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the non-moving party will bear the burden of proof at trial as to any element essential to its case, that party can withstand a motion for summary judgment only by making a showing sufficient to establish a genuine issue of fact regarding that element and showing that the dispute properly may be resolved only by the fact finder because it could reasonably be resolved in favor of either party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Courts must view the evidence in the light most favorable to the nonmoving party and draw any reasonable inferences in the nonmoving party's favor. *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995), *cert. denied,* 516 U.S. 1171, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996).

## LEGAL DISCUSSION

In its Motion for Summary Judgment, the USPS offers four separate arguments: (1) the Court lacks subject matter jurisdiction over a claim of negligence; (2) contract principles are not applicable; (3) the USPS properly adjudicated and denied Plaintiff's claim; and (4) Plaintiff failed to serve process in accordance with Fed.R.Civ.P. 4(i).

### 1. Subject Matter Jurisdiction over Tort Claim

As sovereign, the United States is immune from suit save as it consents to be

sued. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The USPS, however, is a "hybrid" entity because it is "both an independent establishment of the executive branch, retaining certain attributes of a federal agency, and a quasiprivate enterprise." *Federal Express Corp. v. U.S. Postal Serv.,* 959 F.Supp. 832, 832–33 (W.D.Tenn.1997) (internal citations omitted). Recognizing the private component of the USPS, Congress has enacted a general waiver of sovereign immunity which provides that the USPS shall have the power "to sue and be sued in its official name." 39 U.S.C. § 401(1). This waiver is limited with respect to tort claims,[2] and the Federal Tort Claims Act ("FTCA") governs tort suits against the USPS. 39 U.S.C. § 409(c); *see Pereira v. U.S. Postal Serv.,* 899 F.2d 861, 863–64 (9th Cir.1990). The "sue and be sued" language found in § 401 does not enlarge the waiver of sovereign immunity specified by the FTCA. *Id.* at 864 (citing *Loeffler v. Frank,* 486 U.S. 549, 562, 108 S.Ct. 1965 (1988)).

■ The FTCA, in turn, contains an exception for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). That is, the USPS retains sovereign immunity for claims relating to "the unavoidable mishaps incident to the ordinary, accepted operation of delivering millions of packages each year." Jacob A. Stein et al., 1 *Administrative Law* § 6A.04 [3][b][i] at 6A–99 (1998). This provision excludes claims based on incidents such as delays in delivering a letter, delivering it to the wrong address, and the loss of a package. *Id.* For example, in *Rider v. United States Postal Service,* 862 F.2d 239 (9th Cir.1988), *cert. denied,* 490 U.S. 1090, 109 S.Ct. 2430, 104 L.Ed.2d 987 (1989), this provision barred a claim based on the failure to deliver mail within the time promised by a USPS employee. In *Anderson v. United States Postal*

*Service,* 761 F.2d 527 (9th Cir.1985), the court relied on § 2680(b) to dismiss a claim based on a stolen piece of registered mail.

■ In this case, Plaintiff alleges that a postal clerk incorrectly completed a C.O.D. form by writing in the wrong amount to be collected. This action falls squarely within the "negligent transmission of letters or postal matter" exception of § 2680(b), thus preventing Plaintiff from stating a claim under the FTCA. Because the FTCA is the sole avenue for a tort suit against the USPS, Plaintiff's claim is therefore barred by the doctrine of sovereign immunity and this Court lacks subject matter jurisdiction over the tort claim.

In response, Plaintiff emphasizes that in a letter dated March 20, 1996, the USPS Claims & Inquiry Clerk made "a clear admission of guilt" by stating that the problem arose "due to an error on the part of the U.S. Postal Service." (Pl.'s Resp. at 1.) While it appears that the USPS has admitted negligence, this admission is not sufficient to constitute a waiver of sovereign immunity. *See Testan,* 424 U.S. at 399, 96 S.Ct. 948 (waiver of sovereign immunity cannot be implied but must be unequivocally expressed). The Court will grant the USPS's motion as it pertains to the tort claim.

### 2. Breach of Contract

■ Plaintiff's complaint may also be construed as containing a claim of breach of contract. 28 U.S.C. § 1346(a)(2) provides that the district courts shall have jurisdiction over the following:

> Any ... civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States ... [except for those subject to the Contract Disputes Act].

Because Plaintiff seeks less than $10,000, this section provides a sufficient basis for this Court's subject matter jurisdiction over the contract claim.[3] *See Westwood Promotions,*

---

**2.** The FTCA applies only to torts based on state law. *Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 477–78, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The Court construes Plaintiff's tort claim as a state law claim of negligence.

**3.** As the USPS notes, 39 U.S.C. § 409(a) can be plausibly interpreted as an independent basis for subject matter jurisdiction. *See Licata v. United States Postal Serv.,* 33 F.3d 259, 260–64 (3d Cir. 1994) (noting circuit split). The Ninth Circuit has held, however, that § 409(a) "does not con-

*Inc. v. United States Postal Serv.,* 718 F.Supp. 690, 695 (N.D.Ill.1989) (court lacked jurisdiction over breach of contract claim because amount exceeded $10,000); *see also* 39 U.S.C. § 401(1) (USPS may sue and be sued).

The USPS is liable only to extent that it agrees to be liable. *Frank Mastoloni & Sons, Inc. v. United States Postal Serv.,* 546 F.Supp. 415, 419 (S.D.N.Y.1982). The extent to which the USPS agrees to be liable is spelled out in the postal laws and regulations.[4] *Marco v. United States Postal Serv.,* No. C 98–0876, 1998 WL 296367 (N.D.Cal. Jun. 1, 1998); *Baumgold Bros., Inc. v. Allan M. Fox Co., East,* 375 F.Supp. 807, 816 (N.D.Ohio 1973). C.O.D. postal service is regulated by the Domestic Mail Manual ("DMM"), which is incorporated by reference into the Code of Federal Regulations at 39 C.F.R. § 111.4.[5] Plaintiff is presumed to have notice of its contents. *Frank Mastoloni,* 546 F.Supp. at 419 n. 4 (citing 44 U.S.C. § 1507).

DMM 2.1 provides, "Despite any statement in this document or by any USPS employee, the burden rests with the mailer to comply with the laws and standards governing domestic mail." With respect to C.O.D. deliveries, the mailer must affix a C.O.D. form to each article, and the form "must show article number, names and addresses of mailer and recipient, amount due mailer, and amount of money order fee necessary to make remittance." DMM 3.3. Significantly, DMM 3.4 sets forth the following disclaimer: "The USPS is not responsible for errors that a mailer makes in stating charges to be collected."

These regulations show that the USPS has assumed no liability with respect to stating the amount to be collected on a C.O.D. delivery. Although it was the postal clerk who actually filled in the improper amount, the regulations provide that ultimate responsibility resides with the mailer and that statements by a USPS employee do not alter this responsibility. Because the USPS assumed no liability, it cannot be liable for improperly filling out the C.O.D. form. Similarly, there is no basis for holding that the USPS's administrative decision was "arbitrary, capricious, an abuse of discretion, or other wise not in accordance with law,"or that "the action failed to meet statutory, procedural, or constitutional requirements." *Partridge v. Reich,* 141 F.3d 920, 923 (9th Cir.1998) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 413–14, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)). The Court will grant the USPS's motion with respect to the contract claim.

The Court need not reach the question of whether Plaintiff properly served the USPS.

Accordingly,

**IT IS ORDERED** granting Defendant's Motion for Summary Judgment (doc. # 16).

**FURTHER ORDERED** denying Plaintiff's Demand for a C.O.D. Payment (doc. # 7).

**FURTHER ORDERED** denying Plaintiff's Demand for C.O.D. Payment (doc. # 12).

---

fer subject matter jurisdiction for actions in which the Service is a party, but requires a 'substantive legal framework' of federal law to confer federal subject matter jurisdiction." *Janakes v. United States Postal Serv.,* 768 F.2d 1091, 1093 (9th Cir.1985) (quoting *Peoples Gas, Light & Coke Co. v. United States Postal Serv.,* 658 F.2d 1182, 1189 (7th Cir.1981)).

**4.** "To the extent that Plaintiff's claim sounds in contract, Plaintiff must first exhaust [his] admin-

istrative remedies available under the postal regulations before commencing [his] action in the present forum." *Djordjevic v. Postmaster General,* 911 F.Supp. 72, 75 (E.D.N.Y.1995). In this case, Plaintiff initially sought administrative review of this claim and there is no dispute that he properly exhausted his administrative remedies.

**5.** The USPS has attached relevant excerpts from the DMM to its Statement of Facts in support of its Motion for Summary Judgment.