**Joseph N. BREAUX, et al.**

v.

**UNITED STATES POSTAL SERVICE.**

**No. 1:98–CV–1912.**

United States District Court,
E.D. Texas,
Beaumont Division.

March 25, 1999.

David Phillip Wilson, Provost & Umphrey, Beaumont, TX, Herbert T. Schwartz, Williams Bailey Law Firm, Houston, TX, Jimmy Simien, Simien & Simien, Baton Rouge, LA, for plaintiff.

Andrea H. Parker, Assistant U.S. Attorney, Beaumont, TX, for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

Joseph N. Breaux, a frequent postal service patron, has sued the United States Postal Service for the failure of the defendant to timely deliver 203 express mailings he says he has made, and for all of the other persons similarly situated in the United States in the last several years who have suffered the same fate, and seeks class certification in this court for all those other postal patrons.

The United States Postal Service has filed a motion to dismiss under the provisions of Rule 12(b)(1) and Rule 12(b)(6), Fed.R.Civ.P.

### DISCUSSION

On October 23, 1998, plaintiff filed a complaint with this court seeking money damages from the defendant. Plaintiff's claim is "founded upon guarantee of delivery of Express Mail and the failure of the USPS to notify plaintiff [of his] concomitant contractual right to a refund." (Complaint ¶ 1). Plaintiff also seeks relief for a putative class of those similarly situated. (Complaint ¶ 2).

The terms and conditions of the Express Mail service guarantee are printed on the product envelopes and define the defendant's obligations regarding untimely delivery. (Exhibit A to the Complaint) The guarantee states the Postal Service will refund postage under most circumstances if the Express Mail piece is not delivered by the guaranteed time and the mailer files a claim. (*Id.*) The service guarantee further outlines provisions for the filing of such refund claims. In order to pursue a claim for untimely Express Mail delivery, the claimant must present a demand for refund to the Postal Service within 90 days of mailing. (*Id.*)

### 12(b)(1) Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure demands dismissal if the court lacks jurisdiction over the subject matter of the plaintiff's complaint. Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court based on the allegations on the face of the complaint. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996). A facial attack on subject matter jurisdiction requires the court to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction. *Venture I, Inc. v. Orange County, Tex.* 947 F.Supp. 271, 276 n. 7 (E.D.Tex.1996). A facial attack is valid if from the face of the pleadings, the court can determine it lacks subject matter jurisdiction. For the purposes of the motion, the allegations in the complaint are taken as true. *Saraw Partnership v. United States,* 67 F.3d 567, 569 (5th Cir. 1995).

### 12(b)(6) Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all well-pleaded allegations viewing them

in the light most favorable to the plaintiff. *American Waste & Pollution Control Co. v. Browning–Ferris*, 949 F.2d 1384, 1386 (5th Cir.1991). Dismissal under Rule 12(b)(6) is proper if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.* 804 F.2d 879, 881 (5th Cir. 1986).

## ANALYSIS

### Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies.

In order for the court to have jurisdiction to hear plaintiff's claim for a refund of Express Mail postage, the claim would have to be dismissed because he has failed to exhaust administrative remedies. Plaintiff has failed to file for a refund of Express Mail postage in accordance with Postal Service guidelines. Postal Service regulations exclusively determine the terms upon which refunds are paid for its products and services. *Brandofino v. United States Postal Service*, 14 F.Supp.2d 1160, 1164 n. 4 (D.Ariz.1998) (citing *Djordjevic v. Postmaster General*, 911 F.Supp. 72, 75 (E.D.N.Y.1995)); *see also, Mapoma v. United States Postal Service*, No. CV–93–4755 (CPS), 1996 WL 19168, 1996 U.S. Dist. LEXIS 20254, at *11 (E.D.N.Y. January 11, 1996) ("The Postal Service is only liable for damaged, lost or late mail to the extent it has agreed to be liable"); *Hudak v. United States Postal Service*, No. 94–0007, 1994 WL 45134, 1994 U.S. Dist. LEXIS 1442, *2 (E.D.Pa. Feb. 15, 1994) (since postal regulations do not provide for refunds for "late" delivery of two-day priority mail, plaintiff's judicial claim for refund must be dismissed).

The terms governing refunds for late Express Mail shipments are set forth in the Domestic Mail Manual (DMM). The DMM is incorporated by reference into the Code of Federal Regulations. 39 C.F.R. § 111.4. The DMM provisions regarding Express Mail refunds provide in pertinent part:

> A claim for postage refund of Express Mail may be made only by the mailer and within 90 days after the date of mailing ... The mailer ... must complete and submit Part I of Form 3533 in duplicate to any Post Office. This form must be accompanied by the mailer's original receipt (the original customer copy of Label 11).

Domestic Mail Manual P014.5.0.

Failure to allege exhaustion of administrative remedies is a basis for dismissal. *Akridge v. United States Postal Service*, No. C–91–1290–DLJ, 1991 U.S. Dist. LEXIS 9006, *2 (E.D.Cal.June. 6, 1991) (action under contract theory for claim regarding lost registered mail was dismissed for failure to allege exhaustion of administrative remedies available under the Domestic Mail Manual). Plaintiff's complaint does not allege that he submitted a claim for a refund in accordance with Postal Service regulations. As a result, he has failed to seek a refund as outlined in the Domestic Mail Manual. His judicial complaint must therefore be dismissed for failure to exhaust administrative remedies.

Since the court is without jurisdiction because of the failure of the plaintiff Breaux, or any other postal patron to show any administrative remedy was ever attempted by him, or members of the alleged "class," the court holds this is a necessary condition precedent to the filing of this action. Therefore, this court is without jurisdiction to entertain Mr. Breaux's amorphous and vague complaints, as well as any other complaints of the millions of mailings of other patrons of the United States Postal Service in the past several years, much less certify a class action where at least 53 statutes of limitation might apply (if state or local law apply) (50 states, a Federal District, and two territories-Guam and Puerto Rico, not to mention A.P.O.'S, F.P.O.'s, or the Virgin Islands).

## SUMMARY

The Constitution of the United States, Article I, § 8 grants power to the Congress: "To establish Post Offices and post Roads."

The Congress has done so. The United States Postal Service is the latest entity established by Congress to perform this function. 39 C.F.R. SUBCHAPTER C governs domestic mail, and provides for a Domestic Mail Manual. 39 C.F.R. § 111.1. § 111.5 lists the contents of the D.M.M. § E500 governs the terms and conditions of Express Mail. A copy of the D.M.M. is available to the public at all post offices. 39 C.F.R. § 111.2.

Exhibit A attached to plaintiff's complaint provides:

Original customer receipt of the Express Mail label must be presented when filing a claim and/or a postage refund.

1. *All claims for delay,* loss, damage, or rifling *must be made within 90 days of the date of mailing.*

2. Claim forms may be obtained and filed at any post office.

Thus, the very "contract" upon which Breaux's claim is based, and was adopted in his original complaint before this court, negates the claim's validity. This court is without jurisdiction for failure to exhaust the administrative remedies required by law.

Since this court lacks jurisdiction in this case, it is not necessary to address the remaining issues alleged by the plaintiff, nor the defenses raised by the defendant.

The motion to dismiss is **GRANTED.**

In this case, the court reserves jurisdiction over this action for the possible imposition of Rule 11 Fed.R.Civ.P. sanctions concerning the possible frivolity of Mr. Breaux and his attorney in filing this suit.