Sinisa **DJORDJEVIC**, Plaintiff,

v.

**POSTMASTER GENERAL, U.S. POSTAL SERVICE**, Defendant.

No. 94 CV 5895(SJ).

United States District Court, E.D. New York.

Dec. 14, 1995.

Sinisa Djordjevic, Ridgewood, New York, pro se.

Zachary W. Carter, United States Attorney, Eastern District of New York by Tracey L. Salmon, Assistant U.S. Attorney, Brooklyn, New York, for defendant.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

Before the Court is Defendant's motion to dismiss Plaintiff's claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim, pursuant to Fed. R.Civ.P. 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. Also before the Court is Defendant's motion to strike Plaintiff's jury demand.

## BACKGROUND

On November 19, 1993, Plaintiff, Sinisa Djordjevic, mailed a package to Margarita Dmitrieva in Moscow, Russia via Express Mail, a service of the United States Postal Service (the "Postal Service"). Plaintiff alleges that the package contained four $100 bills and various legal documents which had been issued by the General Consul of Russia in New York.

The package was never received by Ms. Dmitrieva in Moscow, prompting Plaintiff to contact the Postal Service's International Express Mail Service Inquiry Center ("Inquiry Center") on December 7, 1993. After an initial investigation, the Inquiry Center learned that the Russian postal administration had no record of ever receiving Plaintiff's package. The Inquiry Center subsequently sent Plaintiff the required forms for refund of postage and fees, and for claims of indemnity, with instructions that Plaintiff submit the forms to the local post office in order to receive compensation for his losses.

Plaintiff submitted the refund and indemnity forms to his local post office, claiming losses in the amount of $400 for the lost currency, $600 for reconstruction of the legal documents, and $157.10 for telephone calls to the Postal Service Headquarters in Washington, D.C. and to Ms. Dmitrieva in Russia.

Over the next 11 months, Plaintiff and the Postal Service corresponded several times by mail in an attempt to arrange for Plaintiff to be reimbursed for the losses he incurred. After Plaintiff filed the initial refund and indemnity forms, the Postal Service responded on January 12, 1994, requesting that Plaintiff provide copies of his original customer receipt and receipts or invoices reflecting the cost incurred for reconstruction of the legal documents. Such documentation is required under § 211.5 of the International Mail Manual (IMM)[1] and § S500.1.5.(d) of the Domestic Mail Manual (DMM)[2]. In subsequent letters the Postal Service informed Plaintiff that the four $100 bills were not reimbursable since it is prohibited to mail currency to Russia under IMM §§ 134.1(a), 134.2.

Plaintiff then resubmitted duplicate copies of the refund and indemnity claim forms, including a copy of his original customer receipt, to the local post office on November 1, 1994. On November 8, 1994, the local post office sent Plaintiff a postal money order in the amount of $14.00 for the postage paid on the undelivered mail. The indemnity claim was forwarded to the New York International Claims and Inquiries Office (ICIO) for processing, as required by IMM § 931.22. By letter dated November 22, 1994, the ICIO advised Plaintiff that the four $100 bills were not reimbursable, and requested that Plaintiff submit additional documentation, as required by postal service regulations, to support his claim of $600 as the reasonable cost of replacing the lost documents. Plaintiff has not yet responded to the ICIO's request for additional documentation.

On December 22, 1994, Plaintiff filed the present action seeking money damages against the Postal Service. Specifically, Plaintiff seeks $600.00 for the lost legal documents, $400.00 for the lost currency, $2500.00 for personal suffering, $2,200.00 in punitive damages, $120.00 for filing fees and $15.00 for postage fees.

1. The IMM is incorporated by reference in the Code of Federal Regulations at 39 C.F.R. § 20.1.

*DISCUSSION*

## I. *Subject Matter Jurisdiction*

Defendant, the Postal Service, contends that this Court does not have subject matter jurisdiction over Plaintiff's claim. A motion questioning the Court's subject matter jurisdiction must be considered before other challenges since the Court must have jurisdiction before it can properly determine the merits of a claim. *See, e.g., Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

When deciding whether to dismiss for lack of subject matter jurisdiction, the court must accept the material allegations of the complaint as true. *See, e.g., Atlantic Mutual Insurance Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992). The court may refer to evidence outside the pleadings in resolving disputed jurisdictional fact issues on a Rule 12(b)(1) motion challenging subject matter jurisdiction. *Antares Aircraft v. Federal Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992).

### A. *Sovereign Immunity*

Defendant argues that Plaintiff's action is barred by the doctrine of sovereign immunity, and therefore should be dismissed.

Plaintiff's action against the Postal Service is in fact an action against the United States. *See Anderson v. United States Postal Service,* 761 F.2d 527, 528 (9th Cir.1985) (proper to treat tort claim against the Postal Service as a suit against the United States). It is well settled that the United States, as sovereign, is "immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981).

Congress provided a waiver of sovereign immunity in certain cases by enacting

2. The DMM is incorporated by reference in the Code of Federal Regulations at 39 C.F.R. § 111.1 and from part of the regulations of the Postal Service. 39 C.F.R. § 211.2(a)(2).

the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b). The FTCA is the exclusive remedy for tort actions against the United States. Under 28 U.S.C. § 2680(b), however, the United States does not waive its sovereign immunity with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). *See also E.F. Hutton Group, Inc. v. U.S. Postal Service*, 723 F.Supp. 951, 957 (S.D.N.Y.1989) (dismissing negligence claim against Postal Service based on 28 U.S.C. § 2680(b)).

■ Therefore, to the extent that Plaintiff's claim sounds in tort, this Court finds that it is barred by the doctrine of sovereign immunity as brought against the United States. Accordingly, Plaintiff's tort claim against the Postal Service is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

B. *Exhaustion of Administrative Remedies*

■ To the extent that Plaintiff's claim sounds in contract, Plaintiff must first exhaust her administrative remedies available under the postal regulations before commencing her action in the present forum. *See, e.g., McCarthy v. Madigan*, 503 U.S. 140, 144–45, 112 S.Ct. 1081, 1086–87, 117 L.Ed.2d 291 (1992).

■ The doctrine of exhaustion of administrative remedies is based on the principle "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). Exhaustion of administrative remedies serves the twin purposes of protecting the authority of the administrative agency and promoting judicial efficiency. *McCarthy v. Madigan*, 503 U.S. at 144, 112 S.Ct. at 1086.

■ Congressional intent is of primary importance in determining whether exhaustion of administrative remedies is required. *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 501, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172 (1982). Where Congress is silent on the issue of exhaustion, however, the court

should use sound judicial discretion when deciding whether to hear the case or to allow the agency the opportunity to exercise its own authority. *See McGee v. United States*, 402 U.S. 479, 483 n. 6, 91 S.Ct. 1565, 1568 n. 6, 29 L.Ed.2d 47 (1971); *Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588, 592 (2nd Cir.1993).

■ In the present case, there appear to be adequate administrative avenues which the Plaintiff has not yet fully explored in order to recover for the loss of items in the Express Mail package. The Postal Service's reimbursement procedure involves a system of filing indemnity forms, evidentiary proof of damages, and a response timetable. The IMM, which sets forth the policies, regulations, and procedures governing the international mail services provided by the Postal Service, provides that a complainant who alleges loss or damage to an international Express Mail shipment must first file an inquiry about the delivery of the article with the Postal Service's Inquiry Center. IMM § 922.3. If, upon investigation, the Inquiry Center determines that the article was not delivered to the addressee, the Inquiry Center will send an indemnity form to the sender. IMM § 924.2. The sender must then complete and return the form to the local post office, and provide evidence of value and proof of loss or damage, such as purchase receipts or invoices. IMM §§ 923, 924.2, 925.

Here, Plaintiff has not completed the administrative process prescribed by the Postal Service for receiving indemnity claims for Express Mail. Plaintiff filed an initial inquiry, but has not provided any of the required evidentiary proof in the way of receipts or invoices which would illustrate the reasonable cost of reconstructing the lost documents.

The November 22, 1994 letter from the ICIO states the absence of relevant and required information as reason for the denial of Plaintiff's claim for indemnity. In the letter, the ICIO expressly invited Plaintiff to provide the required documentation. The letter clearly indicates that the decision was not final and that the ICIO would consider the

matter further if the requested information is submitted.

Because Plaintiff has failed to exhaust her administrative remedies, Defendant's motion to dismiss is granted. Such dismissal is without prejudice in the event Plaintiff successfully exhausts her administrative remedies and may then properly proceed in this forum.

## II. *Motion to Strike Plaintiff's Jury Demand*

As the Court has dismissed Plaintiff's claim for lack of subject matter jurisdiction, it is not necessary for the Court to consider Defendant's motion to strike Plaintiff's jury demand.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

SO ORDERED.