Sinisa DJORDJEVIC, Plaintiff,

v.

POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, Defendant.

No. 96 CV 3149 (SJ).

United States District Court, E.D. New York.

March 26, 1997.

32

Sinisa Djordjevic, Ridgewood, N.Y., Plaintiff pro se.

Zachary W. Carter, U.S. Atty., Eastern District of New York, Brooklyn, N.Y. by Tracey L. Salmon, Asst. U.S. Atty., for Defendant.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

Before the Court is defendants' motion to dismiss plaintiff's claims pursuant to Fed. R.Civ.P. 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. Also before the Court is defendants' motion to strike plaintiff's jury demand. For the reasons stated herein, defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff Sinisa Djordjevic, appearing *pro se*, has brought this action against the United States Postal Service ("USPS") and the Postmaster General (collectively "defendants") to recover the value of a lost package which he sent by international Express Mail to Moscow, Russia. Plaintiff filed an earlier action based on the same loss, but this Court dismissed his claims at that time, in part, for failure to exhaust his administrative remedies. *See Djordjevic v. Postmaster General,* 911 F.Supp. 72 (E.D.N.Y.1995). Mr. Djordjevic has now fully exhausted his administrative remedies and therefore brings his claims once again.

The facts which give rise to plaintiff's claims are substantially the same as those recited in this Court's earlier Memorandum and Opinion, dated December 14, 1995. They are as follows.

On November 19, 1993, plaintiff mailed a package to Margarita Dmitrieva in Moscow, Russia via Express Mail, a service provided by the USPS. Plaintiff alleges that the package contained four $100 bills and various legal documents which had been issued by the General Consul of Russia in New York. Plaintiff alleges that the legal documents were necessary for Ms. Dmitrieva to obtain a visa to visit the United States, and that the money was to go towards her airfare.

The package was never received by Ms. Dmitrieva in Moscow, prompting plaintiff to contact the USPS International Express Mail Service Inquiry Center ("Inquiry Center") on December 7, 1993. After an initial investigation, the Inquiry Center learned that the Russian postal administration had no record of ever receiving

plaintiff's package. The Inquiry Center subsequently sent plaintiff the required forms for refund of postage and fees, and for claims of indemnity, with instructions that he submit the forms to his local post office in order to receive compensation for his loss.

Plaintiff submitted the refund and indemnity forms to his local post office, claiming losses in the amount of $400 for the lost currency, $600 for reconstruction of the legal documents, and $157.10 for telephone calls to USPS Headquarters in Washington, D.C. and to Ms. Dmitrieva in Russia.

Over the next eleven months, plaintiff and the USPS corresponded several times by mail in an attempt to arrange for plaintiff to be reimbursed for the losses he incurred. After plaintiff filed the initial refund and indemnity forms, the USPS responded on January 12, 1994, requesting that he provide copies of a receipt or invoice reflecting the cost incurred for reconstruction of the legal documents. Such documentation is required under § 211.5 of the International Mail Manual ("IMM")[1] and § S500.1.5.(d) of the Domestic Mail Manual ("DMM").[2]

Plaintiff then resubmitted duplicate copies of the refund and indemnity claim forms, including a copy of his original customer receipt, to his local post office on November 1, 1994. On November 8, 1994, the local post office sent plaintiff a postal money order in the amount of $14.00 for the postage paid on the undelivered mail. The indemnity claim was forwarded to the New York International Claims and Inquiries Office (ICIO) for processing, as required by IMM § 931.22. By letter dated November 22, 1994, the ICIO advised plaintiff that the four $100 bills were not reimbursable because it is prohibited to mail currency to Russia under postal regulations. The ICIO also requested that plaintiff submit additional documentation, as required by postal service regulations, to support his

claim of $600 as the reasonable cost of replacing the lost legal documents.

Plaintiff then filed his initial lawsuit with this Court seeking money damages against the USPS. *See Djordjevic v. Postmaster General*, No. 94 Civ. 6895 (E.D.N.Y. filed December 22, 1994). This Court dismissed plaintiff's claims against defendants to the extent that they sounded in tort because they were barred by sovereign immunity. *Djordjevic v. Postmaster General*, 911 F.Supp. 72, 75 (E.D.N.Y.1995). Specifically, this Court explained that the exemption to the waiver of sovereign immunity embodied in 28 U.S.C. § 2680(b), which retains sovereign immunity with respect to claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter," precluded plaintiff's tort claims. *Id.* Further, this Court found that because the ICIO had invited plaintiff to submit additional documentation to support his administrative claim for "the reasonable cost of reconstructing the lost documents," plaintiff had not exhausted his administrative remedies, and his claim was accordingly dismissed. *Id.* at 75–76.

By letter dated February 9, 1996 to the ICIO, plaintiff once again requested reimbursement. Plaintiff attached a document to that letter entitled "Statement of Value," dated April 13, 1995, in which he described the basis for his $600 reimbursement request for the lost legal documents.[3] Specifically, plaintiff stated that he had paid $600 to a man named Serafim, whom he had met at the IBM Gallery of Science and Art in New York, to obtain an invitation letter, a confirmation by the Document Processing Center, and a statement of legality signed by the General Consul of Russia. Plaintiff stated that he had relied on Serafim because he had no idea how to get the legal documents necessary for his girlfriend, Ms. Dmitrieva, to visit the United States. Plaintiff stated that he did not have a receipt from Serafim and had no means of contacting him for one.

---

1. The IMM is incorporated by reference in the Code of Federal Regulations at 39 C.F.R. § 20.1.

2. The DMM is incorporated by reference in the Code of Federal Regulations at 39 C.F.R. § 111.1 and from part of the regulations of the Postal Service. 39 C.F.R. § 211.2(a)(2).

3. The "Statement of Value" document appears to be identical to a document which plaintiff had submitted in his prior case with this Court.

The ICIO forwarded plaintiff's letter to the office of Consumer Affairs, Consumer Advocate, at USPS Headquarters in Washington, D.C. for reply. By letter dated March 26, 1996, the office of the Consumer Affairs issued a final agency decision denying plaintiff's claim for indemnity. The office found that plaintiff's claim for the $400 for currency was not compensable because currency is a prohibited article in shipments to Russia. Plaintiff's claim for document reconstruction was also denied because plaintiff had not provided any documentation demonstrating that he had incurred any reasonable costs in *re* constructing any of the documents included in the international Express Mail shipment.

Plaintiff then filed this, his second action, in which he seeks (1) $600.00 for the lost legal documents; (2) $400.00 for the lost currency; (3) $157.00 for telephone calls made as a consequence of the loss of the shipment; (4) $2500.00 for personal suffering; (5) $2,200.00 in punitive damages; (6) $250.00 for filing fees; and (7) $93.00 for postage and administrative fees connected to this action and to his earlier lawsuit.

## DISCUSSION

### I. *Plaintiff's Claims Sounding in Tort.*

As discussed above, and at length in this Court's Memorandum and Order dismissing plaintiff's first action, plaintiff's claims, to the extent that they sound in tort, are barred by the doctrine of sovereign immunity. 28 U.S.C. § 2680(b) (sovereign immunity is retained with respect to claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter,"); *Djordjevic v. Postmaster General,* 911 F.Supp. 72, 75 (E.D.N.Y.1995).

### II. *Plaintiff's Claims for the Contents of the Lost Mail.*

Plaintiff's claims against defendants for the value of the contents of the lost mail, however, may be maintained to the extent that the USPS consents to be liable, and the extent of its liability is defined by the postal laws and regulations. *See, e.g., Mapoma v. U.S. Postal Service,* No. CV–93–4755, 1996 WL 19168, at *4 (E.D.N.Y. Jan.11, 1996); *Allied Coin Investment, Inc. v. U.S. Postal Service,* 673 F.Supp. 982, 987 (D.Minn.1987); *Mastoloni & Sons, Inc. v. U.S. Postal Service,* 546 F.Supp. 415, 419 (S.D.N.Y.1982). Defendants argue that by applying the appropriate regulations to the facts as plaintiff has alleged them in his complaint, it is clear that plaintiff has no legitimate basis for reimbursement. This Court agrees.

### A. *Plaintiff's Claim for $400.00 of Lost Currency.*

Plaintiff alleges that he included four $100 bills in his Express Mail shipment, and that defendants are liable to him for the loss of that currency. Indemnity for international Express Mail claims, however, is subject to special limitations. IMM § 935.1. Specifically, "[i]ndemnity for Express Mail International Service will *not* be paid ... [w]hen the contents are prohibited." IMM § 935.2(b)(emphasis in original). Enclosing currency in mail packages to Russia is clearly prohibited by postal regulations and Russian customs requirements. IMM §§ 134.1(a), 134.2; IMM at pp. 603, 608 (specifying restrictions on packages to Russia). Because the contents are prohibited, no indemnity is available pursuant to IMM § 935.2. Accordingly, accepting all of plaintiff's allegations as true, his claim for reimbursement of the $400.00 worth of currency has no basis.

Plaintiff argues that because the package does not appear to have ever crossed the United States border, the *international* mail regulations and the specific restrictions on packages sent to Russia are inapplicable. Clearly, however, plaintiff addressed the package and directed that it be sent to Moscow, and was therefore obliged to follow the postal regulations for such mail.

### B. *Plaintiff's Claim for $600.00 for Lost Legal Documents.*

Plaintiff also claims that defendants are liable for the $600.00 he paid to obtain the three legal documents which he allegedly enclosed in the lost Express Mail package. In both his Complaint and his opposition to defendants' motion to dismiss, plaintiff clear-

ly admits that he is requesting reimbursement for the cost of obtaining the *original* documents which were lost. For example, in his Complaint, plaintiff states that he seeks reimbursement for "$600 invested in construction of the *original* documents lost in mail. . . ." Complaint at 3 (emphasis added).

■ Defendants argue, and this Court agrees, that the postal regulations provide for reimbursement only of the reasonable costs of *re* constructing nonnegotiable documents, and not for the cost of obtaining the original documents. IMM § 935.1 states in part that: "Express Mail International Service (EMS) shipments are covered by *document reconstruction* and merchandise insurance in case of loss, damage, or rifling." (emphasis added). The specifics of indemnity for document reconstruction are laid out in DMM § S010.2.12. That section specifies that "[i]ndemnity is not paid for the cost of preparing the document mailed or for the mailer's time in preparing the document." DMM § S010.2.12(a)(1) Instead, only the reasonable cost of reconstructing exact duplicates are reimbursed. *Id.*

As stated above, plaintiff does not allege that the lost documents were ever reconstructed, and specifically argues for reimbursement of the costs associated with the original documents. Because plaintiff has not incurred expenses in reconstruction of the documents, his losses are purely consequential and not compensable under postal regulations. *See* DMM § S010.2.14(s).

■ Plaintiff argues, however, that defendants remain liable to him because the legal documents were not capable of reconstruction and therefore fall within an exception of the above postal regulations. Specifically, DMM § S010.2.12(a)(3) provides that indemnity is paid for "[l]oss or damage to nonnegotiable documents that cannot be reconstructed, providing the sender establishes the value of the documents."

Plaintiff presents two theories to explain why the documents—all "registered and stamped" by the Russian Consulate in New York and necessary for the addressee, Ms. Dmitrieva, to obtain a visa to visit the United States—are not capable of being reconstruct-

ed. First, plaintiff argues that the validity of those originals expired after six months and therefore the Russian consulate could *not* reconstruct those documents after six months. Second, plaintiff argues that the documents cannot be reconstructed because Ms. Dmitrieva is now residing in New York as his wife, and there would be no purpose to reconstructing the documents.

Both of plaintiff's arguments are unavailing. Read in context, it is clear that DMM § S010.2.12(a)(3) is a narrow exception limited to documents which, by their very nature, are never capable of reconstruction and have intrinsic monetary value, such as certain types of bond certificates. Clearly, plaintiff's documents were of the type that could be reconstructed. Plaintiff himself implies that the lost documents were, at one point, capable of reconstruction. First, he points out that the Russian consulate could have reissued the documents within six months of issuing the originals. *See* Plaintiff's Notice of Opposition to Defendants' Motion to Dismiss at 1. Second, in a letter dated February 7, 1994, he specifically stated that he would not demand reimbursement if the USPS itself reconstructed the documents. Defs. Ex. F–6 (Plaintiff suggests that the USPS "provide a new document from mentioned above consulate and mail it to addressee. . . . [The USPS] can use the data consulate already possesses about me and the addressee, to fill out the appropriate application form for invitation document. If [the USPS] accomplish[es] this job [it has] nothing to refund.").

Because plaintiff never reconstructed the lost documents and because they do not fall within the exceptional category of documents that cannot be reconstructed, plaintiff fails to state a claim for reimbursement for his lost documents.

III. *Plaintiff's Remaining Claims.*

■ Plaintiff's remaining requests for reimbursement also fail to state a claim upon which relief can be granted. His claim for charges for long distance calls made in connection with the loss of the package is not reimbursable because the USPS regulations do not provide for reimbursement for the adverse effects or consequential losses re-

sulting from the loss of mail. DMM § S010.2.14(s). Plaintiff's claims for personal suffering, punitive damages, filing fees, and other costs associated with this lawsuit are not payable for the same reason.

IV. *Defendants' Motion to Strike Plaintiff's Jury Demand.*

Because defendants' motion to dismiss is granted, this Court need not address defendants' motion to strike plaintiff's jury demand.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss plaintiff's claims is granted, and the Clerk of the Court is directed to close this case.

SO ORDERED.