Ben **GELBFISH, Individually and d/b/a B.G. Chain Co. and as Assignee of Ernest D. Gaulin d/b/a Abba Jewelry, Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. 98 CV 3964 (NG).**

United States District Court, E.D. New York.

June 11, 1999.

Nathaniel E. Leserowitz, Brooklyn, NY, for Plaintiff.

Gail A. Matthews, Assistant U.S. Attorney, of counsel Zachary W. Carter, United States Attorney, E.D.N.Y., Celia Goldwag Barenholtz, Robert Mandel, Kronish Lieb Weiner & Hellman LLP, New York City, for CEPA, defendant.

Arthur Felsenfeld, Andrews & Kurth, New York City, for Bear Stearns, defendant.

## MEMORANDUM AND ORDER

GERSHON, District Judge.

Presently before the court is the defendant's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction because of plaintiff's failure to exhaust the administrative remedies available under the postal regulations for seeking indemnification for undelivered, registered mail.

This is an action involving two lost packages that were sent via registered mail.

According to the complaint, on or about June 30, 1994, plaintiff's assignor Ernest D. Gaulin d/b/a Abba Jewelry Co ("Abba") sent two packages, each containing a spool of gold chain, to plaintiff via registered, insured mail (having paid the appropriate fees for postage and insurance). Plaintiff alleges that he brings this action on behalf of himself and as assignee of Abba. The package identified by registered article number R195717504 had a value of $12,547.47 [1] and the package identified by registered article number R195717505 had a value of $12,566.02. Plaintiff never received these two packages, and they were not returned to Abba.

The complaint further alleges, that, on or about August 24, 1994, Abba filed a claim for the non-delivered packages with the United States Postal Service ("USPS"). By letter dated October 18, 1994, the USPS denied the claim on item R195717504 on the ground that a delivery receipt had been found. On or about November 11, 1994, the claim on item R195717505 was paid to Abba in the amount of $12,571.47. Abba then sent the check it had received with respect to that claim to plaintiff, who deposited the check. The USPS subsequently determined that the registry number, T195717508, that Abba had identified on the claim form was incorrect and that the claim had thus been paid wrongly. The USPS found that there was a delivery receipt for the correct registry number and began collection proceedings to recover the amount paid to Abba. In June 1995, the USPS opened an investigation into the non-delivery of both packages after plaintiff represented that he received neither package. By letter dated March 24, 1997, the USPS denied Abba's claim and informed Abba that, based on its forensic analysis of the handwriting on the delivery receipts, both packages had been delivered to plaintiff. The USPS then reinstated its claim to the money it had previously paid Abba.

---

1. Plaintiff seeks to amend the complaint on the ground that the correct value of this claim is $21,000.00. Because this court finds that it does not have jurisdiction over plaintiff's complaint, this request is moot.

## DISCUSSION

"A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When considering a motion to dismiss, the court "must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995) (quoting *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.1994)). On a motion challenging the court's subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1), the court may look to evidence outside the pleadings, such as affidavits, to resolve jurisdictional fact issues. *See, e.g., Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986).

 Defendant argues that plaintiff's failure to appeal the USPS's decision to Claims Appeal and to the Consumer Advocate constitutes a failure to exhaust the Postal Service's administrative remedies for seeking indemnification for lost packages. It is undisputed that plaintiff failed to file an appeal with Claims Appeal and the Consumer Advocate prior to filing his complaint in this court. Nevertheless, plaintiff asserts that his failure to exhaust his administrative remedies should be waived because the USPS's denial letter did not set forth his appeal rights.

 The USPS is liable only to the extent that it agrees to be liable. *Frank Mastoloni & Sons, Inc. v. United States Postal Service*, 546 F.Supp., 415, 419 (S.D.N.Y.1982) (citation omitted). The extent to which the USPS agrees to be liable is identified in the postal laws and regulations, in this case the Domestic Mail Manual ("DMM") which regulates registered mail. The DMM is issued pursuant to the USPS's power to adopt regulations, 39 U.S.C. § 401, and is incorporated by reference into the Code of Federal Regulations. 39 C.F.R. § 111.4. Because the DMM is incorporated by reference into the Code of Federal Regulations, it is deemed published in the Federal Register, 39 C.F.R. § 111.1, and a plaintiff is presumed to have notice of the DMM's contents. *Mastoloni*, 546 F.Supp. at 419 n. 4 (citing 44 U.S.C. § 1507). *See also Ridgway Hatcheries, Inc. v. United States*, 13 Ohio Misc. 253, 278 F.Supp. 441, 443 (N.D.Ohio 1968) (finding that parties who purchased postal insurance were deemed to have notice of postal insurance regulations published pursuant to Federal Register Act). The two pertinent postal regulations here are DMM § S010.4.2, which provides that a customer may appeal a claim decision by filing a written appeal within three months of the date of the original decision, and DMM § S010.4.3, which provides that final review of a decision denying a postal customer's indemnity claim is made by the USPS Consumer Advocate at USPS Headquarters. The DMM does not impose an obligation on the USPS to inform a claimant of his or her appeal rights. *See* Dudek Decl. Ex. 1.

Here, neither plaintiff, the intended recipient of the two allegedly undelivered packages sent via registered mail, nor his assignor, the sender of the packages, appealed the USPS's decision at any time, let alone within the three-month period specified in Section S010.4.2 of the DMM. Plaintiff's argument that his failure to exhaust his administrative remedies should be waived because the USPS did not notify him of his appeal rights is without merit because plaintiff and his assignor are deemed to have notice of the DMM and their appeal rights as described therein. Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction for failure to exhaust administrative remedies.

Defendant also argues that plaintiff had no standing to bring this action and presumably argues that plaintiff could not have exhausted his administrative remedies as a result. It is unnecessary to

reach this issue because, even if plaintiff is treated as the proper party, this court lacks subject matter jurisdiction over this action. Neither plaintiff nor his assignor appealed the USPS's decision to the Claims Appeal or the Consumer Advocate and thus, the complaint must be dismissed.

## CONCLUSION

Defendant's motion to dismiss is granted and plaintiff's complaint is dismissed for lack of jurisdiction for failure to exhaust administrative remedies.

**SO ORDERED.**