**SIMAT USA, INC.**

v.

**UNITED STATES POSTAL SERVICE**

**No. 01 CIV. 7056(LAP).**

United States District Court,
S.D. New York.

July 12, 2002.

Steve Agus, Marcy Melnikoff, Agus & Partners, P.C., New York City, for plaintiff.

## ENDORSEMENT

PRESKA, District Judge.

Plaintiff Simat USA, Inc. ("Simat") is a domestic corporation incorporated in Delaware with its principal place of business in New York. (Compl.¶ 2). Simat is "engaged in business as a courier for jewelers." (*Id.*). Defendant is the United States Postal Service ("USPS"). Simat's complaint alleges that between April 12 and December 20, 2000, the USPS failed to deliver the contents of fifteen separate Express Mail packages shipped by Simat. (*Id.* ¶¶ 7–48). In so doing, Simat alleges, the USPS "breached, failed, and violated the contracts to insure the delivery of the merchandise and pay for same." (*Id.* ¶ 49).

Although circumstances surrounding the alleged failed deliveries vary slightly, Simat sent all fifteen packages through the USPS's "Express Mail" service. (*Id.* ¶¶ 4–48). The packages contained jewelry and were shipped either to Los Angeles or to St. Thomas, U.S.V.I. (*Id.*). The Express Mail packages were automatically insured up to $500.00. (*Id.* ¶¶ 5, 8, 11, 14, 17, 20, 23, 26, 29, 32, 35, 38, 41, 44, 47; *see also* Domestic Mail Manual ("DMM"), S010 § 2.12(b)) (providing that, with respect to Express Mail packages, "[m]erchandise insurance coverage is provided against loss, damage, or rifling and is limited to $500," but that additional insurance may be purchased up to a liability of $5000). With respect to ten of the alleged failed deliveries, Simat purchased additional insurance reflecting the value of the jewelry shipped. (Compl.¶¶ 5, 8, 11, 14, 23, 26, 29, 32, 38, 44). Simat alleges losses, in various amounts, totaling $34,578.00. (*Id.* ¶ 53).

The USPS now moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") to dismiss for lack of subject matter jurisdiction. Specifically, the USPS argues that because Simat failed to exhaust first its administrative remedies pursuant to the DMM, which is incorporated by reference into the Code of Federal Regulations, 39 C.F.R. §§ 111.1–111.5 (1987), Simat is barred from bringing suit in District Court. (Def. Mot. Dismiss at 2). In relevant part, the DMM expressly provides for a three-step adjudication process:

DMM S010, "Indemnity Claims":

§ 4.0 Adjudication

**Initial**

4.1

The St. Louis Accounting Service Center (ASC) adjudicates and pays or disallows all domestic claims except the initial adjudication of domestic unnumbered insured claims that are not bulk insured service and those appealed under 4.3. Domestic unnumbered insured claims, except for bulk insured service, are adjudicated and paid locally at the post office accepting the claims.

**Appeal**

4.2

A customer may appeal a claim decision by filing a written appeal within 3 months of the date of the original decision. Except for an unnumbered insured article, the customer must send the appeal directly to Claims Appeals (see G043 for address). For an unnumbered insured article, the customer must send the appeal to the post office where the claim was filed. That post office

forwards the appeal to the manager of Claims Appeals at the St. Louis ASC.

**Final USPS Decision**

4.3

If the manager of Claims Appeals at the St. Louis ASC sustains the denial of a claim, the customer may forward the appeal for final review and decision to the Consumer Advocate, USPS Headquarters, who may waive standards in S010 in favor of the customer.

In deciding this motion under FRCP 12(b)(1), I must view the complaint in the light most favorable to the plaintiff. *Yoder v. Orthomolecular Nutrition Inst., Inc.*, 751 F.2d 555, 562 (2d Cir.1985). A court considering a Rule 12(b)(1) motion to dismiss must "accept as true all material factual allegations in the complaint." *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Id.* at 198 (citing *Norton v. Larney*, 266 U.S. 511, 515, 45 S.Ct. 145, 69 L.Ed. 413 (1925)). Further, a "court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *vacated for reconsideration on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992), *reaff'd on remand*, 999 F.2d 33 (2d Cir.1993).

▮▮▮ It is well-established that claimants must first pursue administrative remedies before properly seeking relief at the district court level. *See McKart v. United States*, 395 U.S. 185, 193–95, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 46, 58 S.Ct. 459, 82 L.Ed. 638 (1938); *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir.1992) ("Exhaustion is the rule, waiver the exception."). Requiring potential plaintiffs first to pursue exhaustively available administrative remedies serves a dual purpose: it protects the authority of the administrative agency and also promotes judicial efficiency. *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). As the Supreme Court noted in *Myers*, the exhaustion doctrine is based on the principle that "no one is entitled to judicial relief for a supposed injury until the prescribed administrative remedy has been exhausted." 303 U.S. at 50–51, 58 S.Ct. 459.

For example, in *Gelbfish v. United States Postal Serv.*, 51 F.Supp.2d 252 (E.D.N.Y.1999), plaintiff sought indemnification from the USPS after two registered and insured packages containing spools of gold chain were never delivered to the addressee nor returned to the sender. The court dismissed the complaint pursuant to FRCP 12(b)(1) because the plaintiff had failed "to exhaust administrative remedies." *Id.* at 254. Specifically, the court found that neither the sender nor the intended recipient of the allegedly undelivered packages had appealed the USPS's denials to the Claims Appeals board or the Consumer Advocate. *Id. See also, e.g., Djordjevic v. Postmaster Gen., United States Postal Serv.*, 911 F.Supp. 72, 75 (E.D.N.Y.1995) (finding that to the "extent that Plaintiff's claim sounds in contract, Plaintiff must first exhaust her administrative remedies available under the postal regulations before commencing her action" in federal court). Further, *Gelbfish* held that plaintiff's alleged lack of knowledge of DMM procedure was without practical significance because claimants "are deemed to have notice of the DMM and their appeal rights as described therein." 51 F.Supp.2d at 254; *see also Davenport v. Abrams*, 249 F.3d 130, 133 n. 2 (2d Cir. 2001) ("Ignorance of a claim procedure

does not defeat the exhaustion requirement.").

■ There are four established exceptions to the general rule requiring exhaustion. Exhaustion may not be required when "(1) available remedies provide no 'genuine opportunity for adequate relief'; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be 'futile'; and (4) in certain instances a plaintiff has raised a 'substantial constitutional question.'" *Guitard v. United States Sec'y of the Navy*, 967 F.2d 737, 741 (2d Cir.1992) (quoting *Von Hoffburg v. Alexander*, 615 F.2d 633, 638 (5th Cir.1980)).

Simat does not argue that it exhausted its administrative remedies prior to filing suit. Indeed, it cannot make such an argument, as it is undisputed that Simat failed to file any appeal with the Consumer Advocate as required by the DMM. Rather, Simat appears to invoke the first exception to the general exhaustion rule, *viz.*, that the "available remedies provided no opportunities for adequate relief."[1] (Pl.'s Mem. Opp'n at 2–3).

Claimants may invoke this first exception where, for example, a clearly meritorious claim is repeatedly falsely denied or where the administrative relief scheme requires that a claimant wait indefinitely for relief. *Greene v. United States*, 376 U.S. 149, 162–64, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964); *Coit Indep. Joint Venture v. Fed. Sav. and Loan Ins. Corp.*, 489 U.S. 561, 587, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). However, this exception is potentially subversive to the general exhaustion rule because plaintiffs could frame complaints seeking relief the administrative agency does not offer, thereby gaining court access. *See "BD" v. DeBuono*, 130 F.Supp.2d 401, 428 (S.D.N.Y.2000); *Buffolino v. Bd. of Educ.*, 729 F.Supp. 240, 247 (E.D.N.Y.1990).

■ Simat's allegation that the USPS's procedure for claims provided no opportunity for adequate relief is without merit. Without having fully pursued any claim, Simat cannot possibly know that the available relief is inadequate. Although Simat alleges that the USPS's administrative remedies are "ultimately hollow," it provides no facts in support of this assertion. Instead, Simat discusses its routine submission of Express Mail packaging for inspection at the post office where it filed claims. (Pl.'s Mem. Opp'n at 2). Simat appears to be suggesting that while it followed the DMM, the USPS failed to honor the alleged contractual agreement to indemnify Simat in case of loss. But there are no allegations of an indefinite wait, repeated false claim denial or any other facts indicating that adequate relief was indeed unavailable. Simat is merely expressing frustration with the USPS' claim procedure.

Thus, because Simat failed to exhaust its administrative remedies prior to bringing suit and failed to meet any of the established exceptions to the general exhaustion rule, the USPS' motion to dismiss pursuant to FRCP 12(b)(1) is granted. The dismissal is without prejudice to provide

---

1. Simat's Memorandum of Law is not entirely clear as to which exception it is arguing is applicable. Simat entitles one section of its memorandum "Exhaustion of administrative remedies in this action was futile," which appears to relate to the third established exception to the general exhaustion requirement. (Pl. Mem. Opp'n at 2–3).

Notwithstanding its title, however, that section actually discusses the inadequacy of available relief, which is the first established exception. (*Id.*). Given that the substance of Simat's argument focuses on the "inadequate relief" exception and not the "futility" exception, I only consider the former exception.

Simat with the opportunity to exhaust the available administrative remedies.

SO ORDERED.