**Eugene PRZESPO, Plaintiff,**

v.

**UNITED STATES POST OFFICE, Defendant.**

1:15–CV–0809 EAW

United States District Court, W.D. New York.

Signed April 11, 2016

Eugene Przespo, Elma, NY, pro se.

Mary Pat Fleming, U.S. Attorney's Office, Buffalo, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2015, *pro se* Plaintiff Eugene Przespo ("Plaintiff") commenced a small claims action in Elma Town Court against Defendant United States Post Office ("Defendant"), alleging that Defendant engaged in "gross mishandling of fragile package ruining contents," specifically, a "collectible clock" valued at $246.88. (Dkt. 1 at 7). Defendant removed the small claims action to this Court on September 9, 2015, pursuant to 28 U.S.C. § 1442(a)(1). (Dkt.1).

On September 14, 2015, Defendant moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction and for insufficiency of service of process under Federal Rules of Civil Procedure 12(b)(1) and (5). (Dkt.2). The Court filed a motion scheduling order on September 17, 2015, requiring Plaintiff to respond to the motion to dismiss on or before October 5, 2015. (Dkt.5). The order warned Plaintiff that the claims he asserted in his complaint may be "DISMISSED WITHOUT A TRIAL IF HE [DID] NOT RESPOND TO THIS MOTION by filing his own papers responding to the motion to dismiss pursuant to Fed. R. Civ. P. 12." (*Id.* at 1). To date, Plaintiff has failed to file responsive papers and has not communicated with the Court to request an extension of time.

For the following reasons, Defendant's motion to dismiss (Dkt.2) is granted.

## II. DISCUSSION

### A. Standard of Review

■■■ "A motion questioning the Court's subject matter jurisdiction must be considered before other challenges since the Court must have jurisdiction before it can properly determine the merits of a claim." *Djordjevic v. Postmaster Gen., U.S. P.S.,* 911 F.Supp. 72, 74 (E.D.N.Y. 1995). "When considering a motion to dismiss for lack of subject matter jurisdiction or for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998). "[T]he district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure,* 290 F.3d 493, 496–97 (2d Cir.2002). "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the Court to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Celestine v. Mt. Vernon Neighborhood Health Ctr.,* 289 F.Supp.2d 392, 399 (S.D.N.Y.2003), *aff'd,* 249 Fed.Appx. 851 (2d Cir.2007) (quotation omitted). "The court may consider affidavits and other materials beyond the pleadings but cannot rely on conclusory or hearsay statements contained in the affidavits." *Young v. United States,* No. 12–CV–2342 ARR SG, 2014 WL 1153911, at *6 (E.D.N.Y. Mar. 20, 2014) (quotation omitted).

[6] "Notwithstanding the liberal pleading standards afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction." *Azeez v. U.S. Postal Servs.,* No. 10–CV–2001(JS)(ETB), 2010 WL 2653350, at *2

(E.D.N.Y. June 22, 2010) (citing *Lyndon-ville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir.2000)).

## B. Subject Matter Jurisdiction

■ The "United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quotation omitted). Under the FTCA, the United States has provided a limited waiver of sovereign immunity for claims against the United States for money damages for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her office or employment. 28 U.S.C. § 1346(b).

■ Under the Postal Reorganization Act, 39 U.S.C. §§ 101, *et seq.*, the Postal Service is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. Therefore, "[a]n action against the USPS is actually an action against the United States." *Robinson v. U.S. Postal Serv.*, No. 12–CV–5874(SLT)(LB), 2012 WL 6177948, at *1 (E.D.N.Y. Dec. 11, 2012). Accordingly, "the Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006). "[T]he Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name." *Id.* (quotations and citations omitted).

■ "However, Congress carved out explicit exceptions to this waiver of sovereign immunity, including the "postal matter exception,' which preserves sovereign immunity for '[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.'" *Gildor v. U.S. Postal Serv.*, 179 Fed.Appx. 756, 758 (2d Cir.2006) (quoting 28 U.S.C. § 2680(b)). "Thus, immunity is retained 'for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.'" *Kuhner v. Montauk Post Office*, No. 12–CV–2318 (JFB)(GRB), 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013) (quoting *Dolan*, 546 U.S. at 489, 126 S.Ct. 1252)). Accordingly, Plaintiff's claim, which is solely for the "gross mishandling" of a fragile package, is barred by sovereign immunity and properly dismissed for lack of subject matter jurisdiction.[1] *See Blanc v. U.S. Postal Serv.*, No. 14–CV–1404 (ARR)(LB), 2014 WL 931220, at *2 (E.D.N.Y. Mar. 10, 2014) ("Here, plaintiff claims that the USPS negligently damaged the contents of his Domestic Mail parcel; his claim falls squarely in the postal matter exception. Thus, to the extent that plaintiff's claim sounds in tort, this court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 2680(b)."); *Irons v. U.S. Postal Serv.*, No. 12–CV–4508 (KAM), 2012 WL 4344318, at *2 (E.D.N.Y. Sept. 21, 2012) ("[T]o the extent that plaintiff alleges the Postal Service was negligent in delivering, handling, or failing to deliver

---

1. The Court has considered the Second Circuit's preference to permit a *pro se* plaintiff an opportunity to amend his complaint. *See Gomez v. USAA Fed. Savs. Bank*, 171 F.3d 794, 795 (2d Cir.1999). "The Second Circuit has emphasized that because a *pro se* complaint is to be read liberally, courts should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Kuhner*, 2013 WL 1343653, at *3 (quotations omitted). However, because the Court lacks jurisdiction to hear Plaintiffs claims, any amendment would be futile, and the Court will not grant Plaintiff leave to amend his complaint.

plaintiff s mail, any such claim is precluded by the postal matter exception and must be dismissed on the basis of sovereign immunity.") (quotation omitted).

 Additionally, "[i]n order to sue under the FTCA, plaintiff must first exhaust [his] administrative remedies with the Postal Service, a requirement that 'is jurisdictional and cannot be waived.'" *Irons,* 2012 WL 4344318, at *2 (quoting *Celestine v. Mount Vernon Neighborhood Health Center,* 403 F.3d 76, 82 (2d Cir. 2005)). Kimberly A. Herbst, Supervisor and Torts Claims Examiner/Adjudicator for the United States Postal Service, has stated under penalty of perjury that there is no record that Plaintiff filed an administrative tort claim with the Postal Service prior to initiating this action. (Dkt. 4–2 at ¶ 6). Therefore, because it does not appear that Plaintiff has exhausted his administrative remedies, the Court lacks subject matter jurisdiction on this ground as well. *See Irons,* 2012 WL 4344318, at *2.

## C. Insufficiency of Service of Process

Defendant also contends that Plaintiffs claim should be dismissed for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5). (Dkt. 3 at 7). Defendant argues that Plaintiff was required to serve a copy of his Small Claims Application on the Attorney General of the United States in Washington, D.C. and to the United States Attorney's Office in order to serve the United States with process. (*Id.*).

Having determined that the Court lacks subject matter jurisdiction to review this case, the Court need not address Defendants' arguments that Plaintiff's complaint should be dismissed for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt.2) is granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The Clerk of Court is directed to enter judgment in favor of Defendant and close the case.

SO ORDERED.